## RICHARDS v. COX.

*Contracts—Sale of real estate—Letter of prospective pur-
  chaser not part of final contract, when—Mandatory in-
  junction requiring purchaser to remove or alter barn,
  denied.*

Letter from prospective purchaser to vendor, reciting that,
   if she became owner of property, she would remove or
   alter a barn thereon if purchasers of other lots objected
   thereto, whether considered as mere expression of in-
   tention or as preliminary negotiation, *held* merged in final
   contract, and mandatory injunction compelling her to
   remove or alter barn will be denied.

(Decided January 11, 1926.)

APPEAL:   Court of Appeals for Hamilton county.

*Mr. Frank H. Kunkel,* for plaintiff.
*Mr. Spencer Jones,* and *Mr. Rutherford H. Cox,*
for defendant.

BUCHWALTER, P. J.   The action is for a manda-
tory injunction.   It is alleged that the plaintiff,
on or about August 16, 1922, sold to Elsa Marshall
Cox certain real estate, upon the southerly portion
of which there was located a stable, which ex-
tended eastwardly beyond the east line of the resi-
dence upon the premises; that at the time of the
conveyance of this lot plaintiff owned two 60-foot
lots in the same subdivision, fronting on the easter-
ly side of Resor place; that, as part consideration
for the conveyance of the lot to the defendant,
the defendant agreed in writing that, if objection

Vendor and Purchaser, 39 Cyc. p. 1351 (Anno.).

was made to the maintenance of the barn at its present location, by a purchaser of either of said two 60-foot lots, defendant would remove or reconstruct the barn so that it would not extend eastwardly beyond the line of the residence on said lot.

Plaintiff further averred that he sold one of the two lots on the east side of Resor place, and that the purchaser objected, and still objects, to the maintenance of the barn at its present location, and that the purchaser is withholding a portion of the purchase price of his lot until the barn is reconstructed or removed.

Plaintiff further says that he has notified defendant of the objection raised, and requested her to remove the barn or reconstruct it, so that it will not extend beyond the residence on the same lot, but that the defendant has refused and still refuses to do so.

Plaintiff asserts that he has no adequate remedy at law, and prays for an order requiring defendant to remove or reconstruct the barn in accordance with said agreement.

The answer of the defendant admits the purchase by her of the premises in question, admits that there is a frame building, which is a garage, on the south line of such premises, and denies all other allegations of the petition.

The only question in issue is whether or not defendant has obligated herself to remove or reconstruct said barn under the conditions above set forth.

Exhibits Nos. 7 and 8 are of importance. Exhibit 7 is as follows:

"The Business Men's Club.

"Cincinnati, Ohio, August 16, 1922.

"Warren Richards & Co., Cincinnati, Ohio—
Gentlemen: If I secure the ownership to the property fronting 165 feet on the west side of Resor place, 85 feet south of Resor avenue, it is my intention to remove the barn now standing on the south line of the property or make some change in it within a period of two years.

"If any purchaser of property on the east side of Resor place, who would occupy a house on either of the two 60-foot lots on the east side of the street, at the south end of the subdivision, objects to the maintenance of a building as near as the present barn to the west line of Resor place, I will, if necessary, remove said building or reconstruct it so as not to have it extend beyond the line of the present house.

"Sincerely yours,

"Elsa Marshall Cox."

It is claimed by the defendant that the above letter, signed by defendant, is a mere expression of intention, and, that, even if it were a proposal based on a consideration, still it would not satisfy the agreement made by plaintiff with Thurston Merrill, the purchaser of one of the lots on the east side of Resor place. The agreement between the plaintiff and Merrill, made long after the transaction between plaintiff and defendant herein, has no bearing upon the construction of this contract. The record shows, and it is not denied, that Merrill purchased one of the 60-foot lots aforesaid, and that he objected and still objects to the

maintenance of the present barn, although defendant contends that the objection was never made directly by Merrill to her.

The letter of August 16, 1922, does set forth an intention, and includes a statement of what defendant will do in the event of an objection being made to the maintenance of the barn, after she secures title to the premises.

The contract, known as Exhibit 8, is as follows:
"August 16, 1922.

"We herewith offer to sell to Mrs. Elsa M. Cox house and two lots with a frontage of 165 feet on Resor place 85 feet south of Resor avenue for $18,500—we to pay all charges for making Resor place, making sewerage, gas, electric, telephone, and water connections, and changing driveway to connect with Resor place; and we agree to change front of house by adding window and building stucco columns and to move summer house without charge. Transfer of title to be made October 15, 1922; consideration for same to be *either* the property owned by Mrs. Elsa M. Cox at the northeast corner of Menlo avenue and Handasyde Court—we assuming mortgage with the Provident Savings Bank & Trust Company in the amount of $8,500, *or* the payment, or arrangement for payment, of the agreed price of $18,500—Mrs. Cox to decide which at the time of transfer of title. Mrs. Cox to permit us to dash stucco and paint her house, she to pay for same if consideration for sale is not the exchange of houses.

"In consideration of the payment of one dollar, receipt of which is herewith acknowledged, we make

the above offer and agree to keep it open until
August 18, 1922.

"Warren E. Richards & Co.,
"By Warren E. Richards

"The above offer is herewith accepted.

"Elsa Marshall Cox.

"Acceptance received.

"_____."

This was admittedly executed after Exhibit
7 was signed by the defendant. The evidence is
conflicting as to whether it was executed by the
defendant on the 16th or on the 17th. We are of
the opinion that it was accepted on the 17th. The
offer by plaintiff was in the form of an option,
dated on the 16th, to remain open for two days,
and Exhibit 10 shows the acceptance of defendant
to have been received on the 17th.

This contract embodies the terms of sale, and no
mention is made therein as to the barn. All other
matters are specified with particularity.

At the time Exhibit 7 was signed, there was no
consideration for any agreement as to the barn.
Defendant stated in writing what she would do
under conditions. The evidence shows that, when
the execution of the contract was under considera-
tion, she refused to have inserted therein any refer-
ence to the barn. Had it been the intention of the
parties that the removal or reconstruction of the
barn was to be one of the considerations for the
contract, the plaintiff could have protected himself
by the terms of the contract, or by a stipulation in
the deed. The contract thus executed by the par-
ties sets forth specifically what the consideration
was. Counsel for plaintiff argues that the con-

sideration mentioned in the deed can be fully explained and the true consideration shown, if it is not inconsistent with the consideration expressed. Granting this to be true, the consideration is fully set forth and shown by the contract introduced as Exhibit 8. Whether the letter of the 16th is considered either as a mere expression of intention, or as preliminary negotiation, makes little difference, as in either event it would be merged in the final contract.

As the defendant refused to incorporate any provision with reference to the barn in the contract, the execution of that contract without such provision shows conclusively that the letter was no part of the final agreement.

Were we to agree with the contention of the plaintiff that the letter of the 16th was a part of the contract, then negotiations or bargaining for the purchase or sale of property, whether orally or in writing, would be extremely dangerous.

We find the equities in favor of the defendant.

The relief prayed for in the petition will be denied, and the petition dismissed.

*Petition dismissed.*

HAMILTON and CUSHING, JJ., concur.